HARDY, Judge
This is a compensation claim and plaintiff appealed from judgment rejecting his demands.
No appearance or filing of brief on-behalf of appellant having been made prior to the date fixed for submission of the appeal as provided in the Uniform Rules of the Courts of Appeal, Rule VII, Section 4 (b), 8 LSA-R.S., the court considers this-appeal to have been abandoned, and, accordingly, the same is ordered dismissed at appellant’s cost.
Ordinarily, under the procedure of this court, it would be unnecessary to write an opinion in this case, but there is one circumstance which we think it desirable to discuss in order to preclude any objection to the order of dismissal.
The appeal in this case was filed on November 28, 1961. By order of this court, posted March 26, 1962, this appeal was fixed for hearing, before one of the special summer panels of the court, on Wednesday, July 11, 1962, and was assigned as the first case on said date before this panel. No appearances were made nor briefs filed by or on behalf of either appellant or appellee prior to the said date. Upon the opening of court at 10:30 A.M. on Wednesday, July 11, 1962, counsel for appellant presented a motion for continuance. The motion was ordered filed, but, upon examination, the court was unable to discern any reasonable basis for a continuance. The only ground set forth in the motion was that this plaintiff-appellant was also the plaintiff-appellant in a suit for damages resulting from the same accident which is the basis of the *544 instant action. The motion averred that the transcript of appeal in the automobile accident suit had not yet been lodged in this court, wherefore mover contended that this case should be passed in order to consolidate it with the second appeal as and when it was received by this court.
 The court was of the opinion, first that the ground above set forth did not constitute a reasonable basis for continuance, and, second, that the belated filing of the motion on the very day, and, indeed, at the very hour, the appeal had been fixed for hearing, did not evidence due diligence in the prosecution of the appeal. It has been well understood, by both the members of the bench and bar concerned, that this program was specially designed and carried out for the purpose of accelerating the disposition of appeals awaiting action. The granting of continuances without adequate grounds therefor and at the last minute would defeat the purpose of the program. For these reasons, the court refused the motion for a continuance, and further refused to consider the same as such an appearance as would justify an exception to the rule first above noted.